Filed 9/26/23  P. ex rel. Garcia-Brower v. Kolla's Inc. CA4/3
Opinion on remand from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE ex rel. LILIA GARCIA-BROWER, as Labor Commissioner, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> KOLLA'S INC. et al., <br><br> Defendant and Respondent. | G057831 <br><br> (Super. Ct. No. 30-2017-00950004) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Martha K. Gooding, Judge.  Reversed and remanded with instructions.

Nicholas Patrick Seitz, Division of Labor Standards Enforcement, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

The state Labor Commissioner filed suit on October 17, 2017 against an Orange County employer, Kolla's, Inc. (Kolla's), as well as its owner, Gonzalo Sanalla Estrada for Labor Code violations committed against an employee, A.C.R.[1] Specifically, the Labor Commissioner alleged Estrada and Kolla's had retaliated against complainant in violation of Labor Code sections 98.6 and 1102.5 and sought injunctive relief and civil penalties.[2] The trial court denied relief on both claims, and the Labor Commissioner appealed.

In an opinion filed May 10, 2021, to which our late colleague, Justice Fybel, concurred in part and dissented in part, we reversed the trial court on the section 98.6 claim. However, the majority affirmed on the section 1102.5 claim. Section 1102.5, subdivision (b) prohibits retaliating against an employee for "disclosing" wrongdoing. The majority determined there could be no disclosure where the employee was telling her employer information he already knew. The Labor Commissioner sought review in the Supreme Court.

On May 22, 2023, the Supreme Court issued an opinion holding that our interpretation of the word "disclose" in section 1102.5, subdivision (b) was incorrect, and that complainant had made a disclosure protected by section 1102.5, subdivision (b). It remanded the matter for further proceedings consistent with its opinion. (*People ex rel. Garcia-Brower v. Kolla's, Inc.* (2023) 14 Cal.5th 719, 734.)

The Supreme Court's remittitur to this court was issued on June 26, 2023. Pursuant to California Rules of Court, rule 8.200(b)(2), the parties were permitted to submit supplemental briefs. We have received none.

In our previous opinion at section III, we explained that an employee need not have reported wrongdoing to a government agency in order to seek relief for

---

[1] The employee's name has remained confidential throughout the proceedings and so we refer to her hereinafter as complainant.

[2] All statutory references are to the Labor Code.

2

retaliation. Rather, the employee satisfies the statute by reporting the conduct to a person who has authority over her. Estrada had such authority over complainant. Because the trial court had relied on a previous version of the statute, we held the trial court should not have denied relief to complainant on that ground. Given the Supreme Court's recent clarification of the word "disclose" in section 1102.5, subdivision (b), we find the Labor Commissioner adequately stated a claim under said statute and we reverse the trial court's ruling on this point.

Since the Labor Commissioner only sought Supreme Court review as to the scope of the word "disclosure" under section 1102.5, subdivision (b), our previous opinion remains the ruling of this court on all other matters contained in it.

## DISPOSITION

The default judgment against Kolla's is reversed and remanded with an instruction that the trial court enter judgment against Kolla's and award the Labor Commissioner, on behalf of complainant, $40,000 in civil penalties, payable by Kolla's, for two separate violations of sections 98.6 and 1102.5, subdivision (b). Upon receipt, this money is to be paid by the Labor Commissioner to complainant pursuant to subdivision (b)(3) of the statute.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:



GOETHALS, J.



DELANEY, J.

3